IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-151-TAV-DCP-3 |
| | ) | |
| RONALD J. TURNER, | ) | |
| | ) | |
| Defendant., | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Now before the Court is Defendant's Motion for Pretrial Notice of the Government's Intent to Use 404(b) Evidence [Doc. 184], filed on September 18, 2020. At Defendant's Arraignment on the Second Superseding Indictment, the Court granted Defendant leave to file briefing on the present motion, with a corresponding deadline for the Government to file its response. [Doc. 278]. Defendant subsequently filed a Supplemental Brief [Doc. 285] on November 18, 2020, to which the Government filed its Response [Doc. 289] on November 19, 2020.

**I.   POSITIONS OF THE PARTIES**

Defendant is charged [Doc. 243] with the conspiracy to possess and distribute Schedule I, II, III, and IV controlled substances, including 50 grams or more of methamphetamine, as well as quantities of fentanyl, oxycodone, alprazolam, marijuana, buprenorphine, and heroin—in violation of 21 U.S.C. § 846; money laundering—in violation of 18 U.S.C. § 1956(h); and aided and abetted to attempt to possess with intent to distribute and attempt to cause the possession with intent to

distribute fifty (50) grams or more of methamphetamine—in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846, as well as 18 U.S.C. § 2.

Defendant moves [Doc. 184] for the Court to direct the Government to provide him with pretrial notice of its intent to use Rule 404(b) evidence at least twenty-one days before trial, so that he will be able to object to the admissibility of such evidence before trial. Defendant further seeks for the Court to enter an order prohibiting the introduction of other acts evidence until the Court is able to determine on-the-record and out of the presence of the jury whether the probative value of such evidence substantially outweighs the prejudice to Defendant.

In his Supplemental Brief [Doc. 285], Defendant asserts that there is a "substantial likelihood" that the Government will attempt to introduce intrinsic act evidence of other co-defendants "that are not directly related to the charged conspiracy," as well as "other acts that actually qualify as Rule 404(b) evidence." [*Id.* at 3]. In particular, Defendant alleges that the Government is likely to "introduce evidence of gang affiliation by Ronald Turner and others[,] . . . evidence of violent conduct committed by co-defendants," as well as "evidence of other bad acts by Ronald Turner." [*Id.*]. Defendant claims that there is "no evidence in this case that the charged offenses were for the purpose of promoting or furthering the goals of the gang," and thus such evidence presents a high level of potential prejudice. [*Id.* at 4].

The Government responds [Doc. 289] by first refuting Defendant's claim that there is no evidence that the charged offenses were for the purpose of furthering gang membership, pointing to wiretapped phone calls involving Defendant discussing the Vice Lords. The Government submits that it's "proof at trial will include gang affiliation evidence, particularly as such evidence relates to the government's proof of the drug trafficking conspiracy alleged in Count One . . . as

well as the money laundering conspiracy and aiding/abetting firearms counts." [*Id.* at 2]. Additionally, the Government asserts that such gang affiliation evidence is admissible as direct evidence under Rules 401 and 403, rather than Rule 404(b) evidence. Therefore, the Government submits that "gang affiliation evidence will be offered as direct evidence—not Rule 404(b) evidence—to prove the existence" of the drug trafficking and money laundering conspiracies, as well as the aiding/abetting charge. [*Id.* at 3].

Moreover, the Government claims that gang affiliation evidence is admissible under Sixth Circuit precedent as both non-Rule 404(b) "intrinsic" evidence, as well as Rule 404(b) "extrinsic" evidence "in relation to other charged offenses, such as felon-in-possession." [*Id.*]. Accordingly, the Government submits that Defendant's motion for early disclosure of Rule 404(b) evidence should be denied.

II. ANALYSIS

Federal Rule of Evidence 404(b)(2)(A) provides that upon the defendant's request, the Government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Court's Order on Discovery and Scheduling [Doc. 11 at ¶ I] [1] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise.

---

[1] The Court notes that while the specific dates listed in the Order on Discovery and Scheduling [Doc. 11] have been amended several times, the Order's directions on the scope and timing of discovery are controlling with regard to all parties. *See, e.g.*, *United States v. Cole*, No. 3:08-CR-48, 2009 WL 596008, at *7 n.5 (E.D. Tenn. Mar. 6, 2009).

However, the Court finds that Defendant has stated a compelling need for earlier disclosure of any Rule 404(b) evidence by identifying the potential evidentiary issues involved with the introduction of evidence of gang membership or affiliation. *Cf. United States v. Smith*, No. 3:08-CR-111, 2009 WL 3584944, at *4 (E.D. Tenn. Oct. 22, 2009) ("At the August 14 hearing, defense counsel gave no compelling need for an earlier disclosure but merely speculated that there could be a lot of 404(b) evidence in this case. The Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling."). The Government has admitted that its proof at trial "will include gang affiliation evidence." [Doc. 289 at 2]. This increased period of time will provide both parties ample opportunity to prepare and respond to any motion *in limine* that Defendant plans to file regarding gang affiliation evidence. Additionally, the Court notes that the Government has previously agreed to provide pretrial notice of any Rule 404(b) evidence twenty-one days before trial to Codefendants Bibbs and Prater. *See* [Doc. 321]. Therefore, the Government shall provide any Rule 404(b) evidence to Defendant twenty-one days before trial.

Although Defendant requests an off-the-record, jury-out hearing before the introduction of any Rule 404(b) evidence to determine whether the probative value of this evidence substantially outweighs its prejudicial effect, the Court finds that this request is more properly addressed after any Rule 404(b) evidence has been provided. Therefore, as the Government will be required to provide notice of any such evidence before trial, Defendant's concerns regarding its admissibility are more properly addressed at a later time.

Accordingly, Defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [**Doc. 184**] will be **GRANTED in part and DENIED in part**, with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial. However,

4

the Government is **DIRECTED** to provide any Rule 404(b) evidence to Defendant twenty-one days before trial.[2]

      **IT IS SO ORDERED.**

                                            ENTER:

                                            Debra C. Poplin
                                            United States Magistrate Judge

---

[2] The Court notes that the Government has argued that gang affiliation evidence will be offered as direct evidence in this case, as well as that such gang affiliation evidence is also admissible both as non-Rule 404(b) intrinsic evidence and Rule 404(b) extrinsic evidence. However, the Court will not make any ruling on admissibility at this time.